**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4364

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SUMMER NICHOLE MCCROSKEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:22-cr-00220-RDB-1)

Submitted:  March 11, 2024                          Decided:  April 12, 2024

Before HARRIS and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellant Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Erek L. Barron, United States Attorney, Paul E. Budlow, Assistant United States Attorney, Colleen E. McGuinn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Summer Nichole McCroskey pleaded guilty, without a written plea agreement, to conspiracy to commit sexual exploitation of a child, in violation of 18 U.S.C. § 2251(e); seven counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a); five counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and three counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).    The district court sentenced McCroskey within the applicable Sentencing Guidelines range to 960 months' imprisonment.  On appeal, McCroskey argues that this within-Guidelines sentence is substantively unreasonable because the district court did not adequately account for her own experience as a victim of abuse, traumatic childhood, and history of mental illness.  We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)."  *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted).  "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence."  *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted).  Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively

[substantively] reasonable," and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

McCroskey has not rebutted the presumption that her within-Guidelines sentence is substantively reasonable.* The district court crafted a sentence that carefully considered the gravity of the offense, the deterrent effect of a lengthy sentence, and the need to protect the public—especially children—from McCroskey. Further, the court did not ignore McCroskey's mitigation arguments. Contrary to McCroskey's argument on appeal, the court discussed her history of abuse and mental illness. Even in light of McCroskey's troubled background, the court still concluded that a lengthy sentence was appropriate. On this record, we conclude that the district court acted within its discretion in selecting McCroskey's sentence, and we decline McCroskey's invitation to reweigh the § 3553(a) factors.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* We have confirmed that McCroskey's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").